(No. 46727.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RAYMOND F. TERRELL, Appellant.

*Opinion filed November 25, 1975.*

CREBS, J., took no part.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of

counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Jayne A. Carr and James B. Zagel, Assistant Attorneys General, and Laurence J. Bolon, Donald M. Devlin, and Raymond J. Prosser, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant was convicted of murder in the circuit court of Cook County. The appellate court affirmed (18 Ill. App. 3d 911). We granted leave to appeal.

James Lewis and two other boys were playing basketball on a school playground on the evening of April 18, 1971, when they were attacked by a group of young boys who had encircled the playground. One of the assailants shot Lewis in the right thigh causing him to bleed to death. Another struck one of Lewis' companions in the face with a chain. At 9:30 the next morning on a tip from an informant three police officers went to the defendant's house and asked him to go with them to the police station for questioning concerning the murder. Before getting into the squad car the defendant was advised of his constitutional rights. He was then asked if he knew where the gun was. He said that he did and went with the officers to another boy's house where they recovered a .38-caliber revolver. The defendant was then taken to the police station where a written statement was taken from him. This statement was not introduced into evidence. Later he was taken to the State's Attorney's office where an Assistant State's Attorney in the presence of two officers and a court reporter took a question and answer statement from the defendant in which he confessed to shooting James Lewis. This confession was introduced into evidence at the trial. Prior to the introduc-

tion of the confession into evidence all who were present during the taking of it testified. However, it is the defendant's contention that all the officers who were present when his statement was taken in the police station did not testify as to the voluntariness of that statement. The defendant specifically complains that Officer Murphy, who he says was present when the statement was taken at the police station and who, the defendant alleges, used coercive tactics, did not testify at the trial.

In this case at no time before or during trial did the defendant move to suppress the confession. His sole attack on the confession during the trial was directed at its credibility. Five witnesses testified for the State concerning the original statement and the subsequent confession. After two officers who were present at the taking of the confession had testified, the State moved to introduce it into evidence but stated there were two more witnesses who would testify concerning it, the Assistant State's Attorney and the court reporter. Defendant did not object or move to suppress the confession. The court reserved ruling until after the two additional witnesses testified. At the close of the People's case the State again moved for the admission of the confession and the court admitted it. The State then rested its case, and the court directed that the confession be read to the jury. The defendant objected. However, the reason for the objection is not ascertainable from the language used. The confession was then read to the jury, and the court adjourned for the day. The next morning before the jury was brought into the courtroom the defendant objected to the admission of the confession on the ground that all of the witnesses to the several interrogations had not been called. But again there was no allegation that the confession was involuntary and no motion to suppress. The State objected to the timeliness of the motion and stated that had a motion to suppress been filed a hearing could have been held and the State could have produced all of the witnesses. Defense counsel then

stated: "I made a strategic decision prior to this trial commencing and so informed the court and the State's Attorney that I had no intention . nor was I moving to strike this confession from evidence before the trial." The court responded: "The court is ready, willing and able to suspend the trial and hold such a hearing, but there is no motion before me ***."

Section 114–11 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114–11) requires that the motion to suppress be made before trial and in writing with two exceptions: first, if an opportunity did not exist to make the pretrial motion; second, if the defendant was not aware of the ground for the motion. Clearly neither of these exceptions applies in this case. A further requirement is that the motion must state facts which if true show that the confession was not voluntarily made. As shown above, at no time prior to the reading of the confession to the jury did the defendant inform the court of any facts which would show that the confession was not voluntary, and there was no motion to suppress. It was not until the defendant took the stand in his own defense that the record contains any charge of coercive tactics by Officer Murphy. Under these circumstances it was not error to admit the confession even though all who may have been present at the earlier interrogation did not testify. The defendant has waived any error concerning the admissibility of the confession. *People v. French,* 33 Ill.2d 146.

The defendant next contends that the inflammatory and prejudicial comments of counsel in closing argument resulted in substantial prejudice. The only remark concerning the defendant to which counsel objected was: "Now you understand, jurors, from the evidence, do you not, that this punk, sitting right here, is a coward, an absolute coward—." Following the defendant's objection to this statement the prosecutor stated: "He cannot come face to face with a group in a fair fist fight with these boys he wanted to beat up, but he had to have something in his

hand something that made him bigger and more important. And getting a gun in his hand made him bigger."

The word "punk" is defined in Webster's Seventh New Collegiate Dictionary as "a young gangster, hoodlum or ruffian." Following the reference to the defendant as a "punk" and a "coward" the prosecutor drew inferences from the evidence as noted above to support his charge. This court has stated that it is proper for the prosecutor to reflect unfavorably on the accused and to "denounce his wickedness and even indulge in invective" and that arguments and statements based on facts appearing in the proof or on legitimate inferences deducible therefrom do not transcend the bounds of legitimate argument. (*People v. Halteman,* 10 Ill.2d 74, 83-84.) We think it is a proper inference to draw from the evidence that the defendant was a punk—that is, a young hoodlum or ruffian or a member of a gang—and that he was a coward in that he and one of his companions attacked the other unarmed boys with a .38-caliber revolver and a chain. Although the conclusions drawn by the prosecutor may not constitute reversible error in that, within the dictionary definition of the words used, they may be said to be proper inferences drawn from the evidence, we view the language as needlessly harsh. It would seem that an educated person should be able to communicate to the jury the inferences he draws from the evidence without lowering himself to the standards of those he condemns.

For the above reasons the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.