THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CARSON JONES, JR., Defendant-Appellant.

Second District (1st Division)    No. 75-441

Opinion filed August 31, 1976.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant herein was tried by a jury for armed robbery, convicted and sentenced to 6-10 years in the penitentiary by the court.

The defendant appeals and raises the one contention that he was deprived of a fair trial by the prosecutor's closing and rebuttal argument to the jury wherein the prosecutor allegedly expressed his personal opinion of the defendant's guilt and argued matters not in evidence.

In the early evening of the 19th of August, 1974, while it was still daylight, one Eric Friis was working at an oil station in Rockford. A man, subsequently identified by Friis as the defendant, walked into the station with a green bath towel covering his left hand. When the defendant was about 10 feet from Friis an automobile drove up and parked next to one of the pumps. The defendant told Friis that he was with the people in the car and the driver of the car stated to Friis that he wished $3 worth of gas. As Friis was filling the gas tank of the car the defendant stuck his head into the back window of the car and spoke to one of the occupants. The defendant then walked to the rear of the car, pulled the towel off his hand, displayed a gun and told Friis to give him all the money. Friis could see the bullets in the chamber and was looking at the defendant's face as the defendant was not wearing any disguise. Friis gave the defendant $76. The driver of the automobile paid the $3 for the gas and Friis then called the police. Friis also saw the defendant watching him from behind a sign 15 yards away prior to his disappearance. Friis identified the defendant from a group of pictures and again identified him at the preliminary hearing and at the trial.

The defendant was arrested on September 23, 1974, and denied that he had committed the crime. When questioned by the police he stated he had read about the armed robbery in the newspaper and that was how he was able to say that he was with "his woman" on the night in question. He refused to disclose the identity of the woman nor did he advise the police that he had been at an alleged party on the night in question.

The defendant testified at the trial and presented an alibi defense wherein he, Ernestine Hill, Thomas Johnson and Rosalyn Harris testified that the defendant was at Ernestine Hill's house on the day of August 19, that he left the Hill house to attend a party at Bernice Willis' house where he remained until 10:30-11 at night. Defendant called as a witness one Clidell Stevenson who testified that he was the driver of the car in the station on the night in question, that he knew the defendant and that the defendant was not the robber.

In closing arguments both defense counsel and the prosecutor argued respectively that their witnesses were the more credible and were to be more believed than the other side. In his closing argument the State's Attorney stated:

"MR. KOSKI: * * * How do you stop it, how do you stop this lawlessness that is ravaging our city? And I'm talking about armed robberies. There are all kinds of lawlessness, but I'm talking about armed robberies. Just as this jury, you people, and the other juries hearing other cases like this, you must be willing to do your duty. Do you believe armed robbery victims who come in here and tell you on the stand under oath, ladies and gentlemen, this man robbed me at gun point, you have to be willing to believe that, unless you think the victim is lying or mistaken. And you have to be willing to convict people based on that evidence, and no one is ever going to get convicted of armed robbery—

MR. SMITH: (Interposing) Your Honor, I object to that type argument.

THE COURT: Sustained.

MR. KOSKI: There is no reason to believe in this case that Eric Friis is lying or mistaken, no reason.

Ladies and gentlemen, I think if you reject this evidence, if you go into the jury room and you say Eric Friis is wrong, no question about it, he's wrong, there is a mistake, or he's lying, or whatever he's saying, and that this type of evidence isn't sufficient to convict a man of armed robbery, there's going to be—not just you, but all the other jurors—I think there's going to be open season—

THE COURT: (Interposing) Counsel, I have sustained an objection to that type argument. I would like you to respect my ruling.

MR. KOSKI: I'm sorry, your Honor.

Well, I suppose it would be—it would be no use of my going on any further. I think I have made my point in my arguments. But I think the evidence is strong. I don't apologize for it. I think it is clear the defense's witnesses have fabricated their story, and I ask you to bring in a verdict of guilty.

THE COURT: In passing, I must caution the jury that their obligation is confined to this case, this defendant, and the set of facts that have been presented in evidence."

■■ The defendant contends that there is no evidence in this case that the defense witnesses were not telling the truth and that, therefore, the statement of the State's Attorney to that effect is a comment on matters not in evidence. In support of his contention, defendant has cited *People v. Provo* (1951), 409 Ill. 63, 97 N.E.2d 802; *People v. Black* (1925), 317 Ill. 603, 148 N.E. 281; *People v. Hoffman* (1948), 399 Ill. 57, 77 N.E.2d 195; and *People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880. These cases do, of course, specifically hold that the State's Attorney is forbidden to

attempt to get before the jury matters not in evidence nor may he use inflammatory remarks or state his own personal opinion as to the guilt of the defendant. However, we do not find that these cases are controlling as to the prosecutor's remarks in the instant case before us as being improper. Examination of these cases discloses that the remarks of the various prosecutors therein in their closing arguments were so out of line that they did in fact require reversal. We do not find that to be the situation in the case before us. In this case we have a single isolated incident using nonviolent language that was objected to by the defendant's counsel, sustained by the court and instructions were given to the jury to disregard the same. The Illinois Supreme Court has stated:

> "It is legitimate argument, if the State's Attorney so believes, to tell the jury that the State's witnesses told the truth and are more credible than those for the defendant, but it is improper for him to express his own individual opinion or belief of defendant's guilt, except as that opinion is based on the evidence." (*People v. Black* (1925), 317 Ill. 603, 619, 148 N.E. 281, 287.)

(Accord, *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, *cert. denied*, 412 U.S. 918; *People v. Fleming* (1975), 36 Ill. App. 3d 612, 345 N.E.2d 10.) In our review of this record we find that the prosecutor's characterization of the defendant's alibi testimony as being less credible and unworthy of belief was based upon the evidence and was not improper.

■■ The record discloses that there are inconsistencies in the testimony of the defense witnesses. Defense alibi witnesses conflict as to with whom the defendant left the party. Clidell Stevenson testified for the defendant and stated that he was in the car at the gas station during the robbery, that he knew the defendant and that the defendant was not the party who robbed the filling station attendant. Stevenson was asked in cross-examination after he had so testified if a detective Speracino had contacted him about the case. Stevenson testified that the detective had not contacted him and that if the detective testified that he did, the detective would be lying. Detective Speracino took the stand in rebuttal and stated that he contacted Stevenson three weeks before the trial and asked him to look at some of the pictures to see if he could recognize the perpetrator of the crime. The detective testified that Stevenson's answer was "There wasn't any reason to come over, that he couldn't identify anyone as he didn't see the subject at the time the robbery went on." The State also introduced evidence of prior felony convictions of Stevenson for burglary and theft. Based upon the above facts, there is evidence in the record from which the State's Attorney could reasonably assert that the defendant's witnesses were fabricating their stories. *People v. Black.*

Defendant also contends that the State's Attorney's comment about

lawlessness was prejudicial to him and reversible error. We do not agree. As our Supreme Court stated in *People v. Provo* (1951), 409 Ill. 63, 70, 97 N.E.2d 802, 806,

> "It is impossible to lay down a general rule in regard to what shall or shall not be said in an argument to a jury. It is always improper for a State's Attorney in his argument to the jury to attempt to get before it matters not in evidence. [Citation.] But the State's Attorney in his argument has a right to dwell upon the evil results of the crime, and to urge a fearless administration of the criminal law and to comment upon the conduct of the accused."

(Accord, *People v. Hairston* (1970), 46 Ill. 2d 348, 375, 263 N.E.2d 840, 856; and *People v. Harris* (1975), 33 Ill. App. 3d 600, 604, 338 N.E.2d 129, 132.) In *People v. Ostrand* (1966), 35 Ill. 2d 520, 532, 221 N.E.2d 499, 506, the Supreme Court also stated:

> "'* * * It is proper for the prosecuting attorney to reflect unfavorably on the accused and to denounce his wickedness and even indulge in invective. The State's Attorney has the right to dwell on the evil results of crime and to urge fearless administration of the law.'"

Accord, *People v. Terrell* (1975), 62 Ill. 2d 60, 64, 338 N.E.2d 383, 385.

■■■ Defendant further contends that this was a close one. With this we do not agree. The defendant was positively identified as the robber by the victim from pictures shown to him and by identification at the trial. Opportunity for the identification by the victim occurred during daylight and the witness stood face-to-face with the robber throughout the occurrence. "[C]redibility and weight to be given the testimony of defendant's alibi witnesses is a matter for the trial court whose determination will not be disturbed unless palpably erroneous." *People v. Ostrand* (1966), 35 Ill. 2d 520, 532, 221 N.E.2d 499, 507.

A careful review of the record does not disclose the remarks of the State's Attorney in rebuttal argument so influenced the jury that the verdict would not have been otherwise had the remarks not been made.

The decision of the trial court is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.