THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS GALE, Defendant-Appellant.

Third District   No. 78-35

Opinion filed May 18, 1979.—Rehearing denied July 2, 1979.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a stipulated bench trial in the Circuit Court of Tazewell County, defendant was convicted of burglary and sentenced to three years probation. On appeal he contends the trial court erred by allowing his confession to be admitted into evidence and by failing to admonish him in accordance with Supreme Court Rule 402.

On July 20, 1977, Officer James Conover saw defendant sitting in a park with a group of people and asked him to come to the police station to discuss a motorcycle theft, which an undisclosed informant had accused defendant of committing. Defendant agreed to accompany the officer who said he would bring defendant back to the park later. At the station the officer first advised defendant of his *Miranda* rights and then confronted him with the informer's accusations against him. Defendant initially denied any involvement in the crime, but within 30 minutes he made an oral confession which was later reduced to writing. Prior to trial defendant moved to suppress both confessions on the grounds that they were the products of an illegal arrest and were induced by improper threats and promises.

At the suppression hearing defendant testified that he went to the police station with Officer Conover because he felt he had to go and that he made his statements to the police because he believed he would not be allowed to leave the station until he did so. Defendant said that before he made his confessions, Officers Conover and Bassett directed comments toward him concerning incidents of anal intercourse in the penitentiary, and Officer Conover told him that another officer was typing a warrant for his arrest. Defendant further testified that he was not allowed to use the restroom alone and that Conover promised to recommend probation for him if he would cooperate.

Conover admitted that a conversation concerning prison sexual

behavior took place, but claimed the conversation took place after defendant had signed his written confession. The officer said defendant was allowed to leave the room alone and that he was not placed under arrest until after he made his oral confession. Conover could not recall whether he made any statement about a warrant being typed for defendant's arrest, but he denied making any promises to defendant in exchange for his statements. Assistant State's Attorney Bill Brown also testified to the conversation concerning anal intercourse in prison, but he agreed with Officer Conover that the conversation took place after defendant had made his written confession.

At a bench trial defendant stipulated to the State's recitation of evidence, including the testimony of the burglary victim and the testimony presented at the suppression hearing. Defendant's confessions were admitted over his objection and he was found guilty of burglary. ▮ On appeal defendant does not challenge the voluntariness of his statements, but claims the statements were the product of an illegal arrest and, therefore, should have been suppressed. The premise of defendant's argument is that he was arrested without probable cause prior to making his oral confession. According to defendant, his arrest took place over a period of time, commencing with his agreement to go to the police station with Officer Conover and being consummated when he was advised of his *Miranda* rights by the other officer prior to questioning. The State agrees that Officer Conover did not have probable cause to arrest defendant when he saw him in the park, but argues that no arrest occurred until after defendant made his initial statement. We agree with the State.

> "An arrest involves three elements: (1) authority to arrest; (2) assertion of that authority with intention to effect an arrest; and (3) restraint of the person to be arrested." (*People v. Ussery* (3d Dist. 1974), 24 Ill. App. 3d 864, 867, 321 N.E.2d 718, 720.)

In the instant case none of the procedures customarily associated with an arrest were employed prior to the time defendant made his oral confession. Defendant was not searched, fingerprinted, handcuffed, photographed or told he was under arrest until after he made his initial statement. Although no formal declaration of arrest is necessary for an arrest to occur (*People v. Helms* (1st Dist. 1978), 67 Ill. App. 3d 729, 385 N.E.2d 127), the absence of such a declaration and the absence of other procedures associated with an arrest are factors to be considered in determining the officer's intent. (*People v. Wipfler* (1977), 68 Ill. 2d 158, 368 N.E.2d 870.) Officer Conover did warn defendant of his *Miranda* rights prior to questioning him, but it is well established that the mere recitation of such warnings is more indicative of proper cautiousness on the part of the officer than it is of the officer's intent to arrest. (*Wipfler*; *People v. Dozier* (4th Dist. 1979), 67 Ill. App. 3d 611, 385 N.E.2d 155.)

Defendant testified that he was not allowed to leave the interrogation room alone, but Officer Conover denied any such restraint and testified that defendant did leave the room by himself.

■ Defendant also stated he felt he had to go to the police station with the officer and felt he would not have been allowed to leave the station until he gave a statement. However, the test for determining whether an arrest occurred is not what the defendant thought, but what a reasonable man, innocent of any crime, would have thought had he been in the defendant's shoes. (*Wipfler*; *People v. Howlett* (1st Dist. 1971), 1 Ill. App. 3d 906, 274 N.E.2d 885.) Based on the evidence at the suppression hearing, we cannot say that the trial court erred in determining that defendant was not arrested until after he made his oral confession. The fact the officer confronted defendant with the informant's accusation against him is of little significance. It is the duty of the police to investigate crimes, and the officer in this case would have been remiss in his duty had he not followed up on the informer's tip by questioning defendant.

> "What actually took place here was no more than what was minimally necessary for the police to successfully investigate a crime, as is their duty. * * * To hold that this amounted to an arrest would be to hold that virtually any station-house interrogation is necessarily so custodial as to indicate that the person questioned has been placed under arrest. This would mean that the police could not request the presence of anyone, even for noncustodial questioning, unless and until they had probable cause to arrest the person to be questioned. We see no reason to so restrict the investigatory function of the police." *Wipfler*, 68 Ill. 2d 158, 168, 368 N.E.2d 870, 873.

● 3 Defendant next contends that his confession should not have been admitted into evidence at trial because Officers Bassett and Landrith, who were present when defendant made his statements, did not testify at the suppression hearing. We believe this issue was waived by defendant's failure to object to the absence of these witnesses at either the suppression hearing or at trial. Section 114—11(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—11(d)) clearly provides:

> "Objection to the failure of the State to call all material witnesses on the issue of whether the confession was voluntary *must be made in the trial court*." (Emphasis added.)

The firmly established rule is that failure of a defendant to object in the trial court constitutes a waiver of the issue on appeal. *People v. Terrell* (1975), 62 Ill. 2d 60, 338 N.E.2d 383; *People v. Richardson* (1st Dist. 1978), 61 Ill. App. 3d 718, 377 N.E.2d 1235.

■■ ■ Defendant asks us to consider the State's failure to produce all material witnesses as plain error, but we decline to do so. Supreme Court

Rule 615(a) is a means of meliorating the harshness of the strict application of the general waiver rule in cases where the evidence is closely balanced and the defendant has been denied a fair and impartial trial. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) The Rule is not intended as a "catchall" for any errors not properly preserved for review. (*Pickett*; *People v. Olivas* (1st Dist. 1976), 41 Ill. App. 3d 146, 354 N.E.2d 424.) "An accused is entitled to a fair trial, not a perfect trial." *People v. Sanders* (1st Dist. 1976), 38 Ill. App. 3d 473, 482, 348 N.E.2d 229, 237.

We cannot say that defendant in the instant case was deprived of a fair and impartial trial by the State's failure to call all witnesses to his confession at the suppression hearing. Officer Conover, who was defendant's primary interrogator, did testify at the hearing and, although his testimony was in conflict with defendant's, it was consistent in its most significant aspects with the testimony of Assistant State's Attorney Bill Brown. Both men agreed the conversation concerning anal intercourse in the penitentiary occurred after defendant made his written confession. Defendant's confession was consistent with the stipulated testimony of the burglary victim, and the combination of that testimony and the confession was clearly sufficient to justify the trial court's judgment.

■■ As his final contention, defendant claims his stipulated bench trial was tantamount to a guilty plea and the trial court was, therefore, required to admonish him in accordance with Supreme Court Rule 402. (See *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.) We recently considered this issue at great length in *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 391 N.E.2d 241, and concluded that Rule 402 admonishments are not required where a defendant utilizes the stipulated bench trial procedure to preserve any legal defenses such as the trial court's denial of a motion to suppress. (See also *People v. Ford* (4th Dist. 1976), 44 Ill. App. 3d 94, 357 N.E.2d 865; *People v. Collins* (1st Dist. 1976), 37 Ill. App. 3d 202, 345 N.E.2d 730.) In the instant case the evidence offered at the suppression hearing was included in the stipulation presented at trial, and defendant reaffirmed at trial his objection to admission of his confessions. Therefore, Rule 402 admonishments were not required.

For the foregoing reasons, the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.