THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DARNELL IVERY, Defendant-Appellant.

Fifth District   No. 78-67

Opinion filed May 23, 1979.

Michael J. Rosborough and Debra Knight Loy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Following a jury trial in the Circuit Court of St. Clair County, defendant, Darnell Ivery, was found guilty of armed robbery and sentenced to a term of 10 to 30 years imprisonment. Defendant appeals raising three issues: (1) whether the indictment charging defendant with the offense of armed robbery was sufficient where it failed to allege that the defendant had intent to permanently deprive the owner of the property taken; (2) whether certain remarks made by the prosecutor during closing argument were so improper as to deny defendant a fair trial; and (3) whether the sentence imposed was excessive.

At trial, Ms. Obine Russell, the complainant, testified that she was leaving the restaurant she managed at approximately 12:30 p.m. on the day when the offense occurred. She stated that as she was attempting to start her automobile in the restaurant parking lot, two black males driving an automobile with Missouri license plates pulled up next to her car and that the driver, whom she later identified as defendant, got out and offered assistance to her. She refused the offer and was attempting to leave her car to telephone for help when the defendant displayed a gun which he held to her side, forcing her to remain in her auto while demanding the gun she had with her. She further testified that defendant then took her gun from the front seat of her car and handed it to his partner. Ms. Russell then related that defendant took her purse, from which he removed two bank bags containing $200, a watch, her bank book and miscellaneous other items. Defendant and the other man then fled the scene in their automobile, and Ms. Russell telephoned the police.

When the police arrived at the scene of the offense, Ms. Russell gave them a detailed description of defendant, and they arrested him shortly thereafter. A few hours after his arrest, the defendant was identified by the complainant as her assailant from a lineup, which identification she again made in court at defendant's trial. In a search of defendant's automobile after his arrest, the police recovered both defendant's and the complainant's guns, as well as the two bank bags, which were found under the hood of the car. The recovered items and the clothing taken from defendant at the time of his arrest were all admitted into evidence at trial. At the close of all of the evidence, the jury found defendant guilty of the charge.

■■ Defendant initially complains, citing *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 337, that the indictment against him for armed robbery was insufficient in that it failed to allege that defendant had the intent to permanently deprive the complainant of the property taken. In *White*, the supreme court held that intent to deprive the person from whom the property is taken permanently of its use or benefit is an element of the crime of robbery. The court found that at the time of the enactment of the Criminal Code of 1961, intent was an element of the crime of robbery and that the General Assembly intended no change in the existing law. However, our supreme court recently specifically overruled *White* and held that intent to permanently deprive is not an element of robbery or armed robbery (*People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244). Hence, the instant indictment, which was in the language of section 18—1 and 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 18—1 and 18—2), was sufficient.

Defendant next complains that he was denied a fair trial because of two incidents of alleged prosecutorial misconduct during the prosecutor's rebuttal argument to the jury.

The first such incident was the following statement of the prosecutor:

"He [defense attorney] was in charge of the strategy in the trial, and he told you on voir dire examination—what he said to you he said the defendant is going to testify in this case, and if he does, will you give him the same credibility that you give to the other witnesses. Now, somewhere along the line * * * the strategy changed because the defendant didn't get up here and testify."

Defense counsel immediately objected to these remarks. The court admonished the prosecutor to refrain from such comments and indicated that he would issue an instruction to the jury which would advise them regarding the issue. Among the jury instructions which were given was the following:

"The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict."

Notwithstanding the above instruction, defendant asserts that the prosecutor's comments were an improper and prejudicial reference to defendant's failure to testify and constitute reversible error. We disagree.

The record reveals that in his *voir dire* of the jury prior to trial, defense counsel stated that defendant would testify and that he should be afforded the same credibility as would be given other witnesses at the trial. At the beginning of his closing argument to the jury, defense counsel informed the jury that it was his decision that defendant would not testify, a decision which was made, he explained, because he was "in charge of the strategy at trial."

■■ We do not find improper the prosecutor's above-quoted remarks concerning defendant's failure to testify. It is obvious that the remarks were made in response to defense counsel's comments in his closing argument on defendant's failure to testify. By so doing, defense counsel drew the jury's attention to the fact that defendant had not testified, and attempted to explain why he did not do so. Consequently, the prosecutor's comment, which merely reiterated the defense counsel's statements in his closing argument, was not improper. The prohibition against comment on defendant's failure to testify was established in *Griffin v. California* (1965), 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, where the court reasoned that no penalty should attach to the exercise of a constitutional privilege, and that while the jury could draw its own inferences as to the reasons why a defendant failed to testify, it would be improper to draw those inferences for them (380 U.S. 609, 614, 14 L. Ed. 2d 106, 110, 85 S. Ct. 1229, 1233). However, when defense counsel presents the issue to the jury by way of explaining his client's failure to testify, their attention has been focused on the question, and the rationale behind the rule no longer applies. (*People v. Conner* (1st Dist. 1976), 42 Ill. App. 3d 234, 355 N.E.2d 662; *People v. Carruthers* (1st Dist. 1974), 18 Ill. App. 3d 255, 309 N.E.2d 659.) Where, as in the instant case, the prosecutor did not initiate the comments in the forbidden area and drew no inferences on defendant's failure to testify, the prosecutor's remarks in response to defense counsel's comments were not improper.

The second incident of alleged prosecutorial misconduct was the following statement in the prosecutor's closing argument which defendant argues incited the fears and prejudices of the jury:

"A lot of people, you know in law enforcement you get a lot of people who are interested in the safety of St. Clair County. And I can't tell you how many times people come up to me and wag a finger, what are you doing about crime. Good God, people are getting killed. People are being robbed. My house is being broken into * * * And we have had it here in this jury."

Defense counsel's objection to the above-quoted comments was overruled.

■ In regard to the first part of the above-quoted remarks, it is well established that the prosecutor in his argument may dwell upon the evils of crime and urge a fearless administration of the criminal law. (*People v. Griggs* (1st Dist. 1977), 51 Ill. App. 3d 224, 366 N.E.2d 581; *People v. Jones* (2d Dist. 1976), 41 Ill. App. 3d 321, 354 N.E.2d 104.) The propriety of these comments by the prosecutor is well established by *Griggs* and *Jones*.

■ We also find no reversible error in the prosecutor's comment that "we

have had it here in this jury." Defendant asserts that this remark was designed to draw the jurors' attention to their own unresolved experiences with crime. It is our opinion that the remark could not have constituted a material factor in defendant's conviction or was so prejudicial as to deny defendant a fair trial; therefore, any error which may have occurred was harmless. (*People v. Jackson* (1st Dist. 1974), 19 Ill. App. 3d 689, 312 N.E.2d 405.) The evidence against defendant in the instant cause was overwhelming and unrebutted. There can be no doubt that the jury's verdict would not have been different had this statement not been made by the prosecutor. Although a prosecutor's remarks may be subject to criticism, unless they constitute a material factor in the conviction or are such that prejudice to the defendant is their probable result, the verdict will not be disturbed. *People v. Weaver* (1st Dist. 1972), 8 Ill. App. 3d 299, 307, 290 N.E.2d 691, 697.

■ Defendant finally contends that the sentence of 10 to 30 years imprisonment imposed by the trial court was excessive and an abuse of discretion. Defendant was 22 years of age at the time of sentencing and previously had been convicted of burglary, theft over $150, auto theft and carrying a concealed weapon, for which offense he was convicted twice. Notwithstanding his criminal record, defendant argues that at no point was the instant complainant injured or actually threatened during the robbery. We are unpersuaded by this argument. The fact that the victim of the armed robbery submitted to defendant's demands without resistance in no way exonerates defendant of the seriousness of the offense. The transcript of the sentencing hearing indicates that the court properly considered the nature and circumstances of the offense, the history and character of defendant and the safety of the public. Therefore, we find no abuse of discretion by the trial court in its imposition of sentence upon defendant and we will not disturb it.

For the reasons stated, we affirm the judgment and sentence of the circuit court.

Affirmed.

KARNS and KUNCE, JJ., concur.