THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM DAMINSKI, Defendant-Appellant.

Fifth District    No. 78-242

Opinion filed February 1, 1980.

John H. Reid and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, William Daminski, was convicted of burglary after a stipulated bench trial in the Circuit Court of St. Clair County. The issues on appeal are: (1) whether the court erred in denying the motion to suppress defendant's statement to the police; (2) whether the court erred in failing to give defendant the benefit of admonitions under Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402); and (3) whether the court erred in failing to determine the amount and method of restitution.

The defendant was arrested on October 13, 1977, for the burglary of the home of Karen Diers and on that date made a statement to the police admitting that he committed the burglary. Defendant subsequently filed a motion to suppress the statement, contending that he did not understand that he had a right to counsel at the time the police questioned him and, therefore, did not knowingly and intelligently waive his right to counsel. Defendant further contends that his statement was a product of coercion and promises of leniency by the police.

A suppression hearing was held on January 30, 1978, at which Officer Chambers testified that he arrested the defendant and took him to the police station where they were joined by Officer Nichols. Officer Nichols testified that he read the defendant his *Miranda* rights, paragraph by paragraph, from a prepared waiver form. According to Nichols, at the end of each paragraph he asked defendant if he understood his rights and the defendant indicated that he did and initialed each paragraph on the waiver form. Officer Nichols further asserted that he told the defendant that they had a witness and a statement implicating him in the burglary. Both Officer Nichols and the defendant testified that defendant then stated to the officers he had "some stuff he wanted to get off his chest." Defendant then agreed to make a statement. After Officer Nichols again directed his attention to the waiver of rights language on the first page of the statement, defendant wrote out his statement.

Both Officers Nichols and Chambers stated that neither physical or mental coercion was used nor were any promises or threats made to the defendant.

A review of the record in this case discloses that the trial court did not err in denying defendant's motion to suppress and in finding that defendant knowingly and intelligently waived his right to counsel at the time of questioning and freely and voluntarily made a statement to the police. The finding of the trial court will not be disturbed unless contrary to the manifest weight of the evidence. (*People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.) In the instant case, on two occasions the defendant was advised of his rights, asked if he understood them and indicated that he did. He then made a statement to the police. Further, the record does

not reveal any circumstances demonstrating that the defendant's statement was the product of coercion, threats or promises by the police.

Subsequent to the suppression hearing, and on January 31, 1978, the parties appeared before the trial court and presented to the court for its acceptance a stipulation and a consent of defendant to be tried upon the basis of the stipulation and the exhibits. By virtue of the stipulation, testimony and exhibits which indicated the commission of the offense charged by the defendant were entered into evidence. The court then found defendant guilty of burglary on the basis of the stipulation.

Defendant next contends that he was entitled to admonitions under Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), on the basis that a stipulated bench trial was tantamount to a guilty plea. The State takes the position that since defendant has preserved the issue of the admissibility of his confession and has in fact raised it on appeal, he is not precluded from contending that the stipulated trial was the same as a guilty plea.

The Illinois Appellate Court recently considered this issue in *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 391 N.E.2d 241, and *People v. Gale* (1979), 72 Ill. App. 3d 23, 390 N.E.2d 921. In these cases the court concluded, based on *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865, and *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51, that such admonitions were not required where there is a stipulation as to the evidence that would be presented and the defendant preserves an actual or purported defense.

In a plea of guilty, the defendant waives all errors except those of a jurisdictional nature (*People v. Sullivan; People v. Jackson* (1970) , 47 Ill. 2d 344, 265 N.E.2d 622), while in a stipulated bench trial, the defendant does not waive any errors preserved by him. This distinguishes the stipulated bench trial from a guilty plea. In the instant case, the defendant maintained that the trial court erred in denying his motion to suppress, thereby preserving a genuine legal defense. It was stipulated that the testimony of Officers Nichols and Chambers would be the same at trial as their testimony given at the suppression hearing. It was further stipulated that People's Exhibit No. 1 (*Miranda* waiver) and People's Exhibit No. 2 (statement of William Daminski taken October 13, 1977) were admitted into evidence over defendant's objection. Defendant contends that the circumstances of this cause are analogous to those presented in *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, and *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872. However, we find these cases distinguishable. In *Smith* the court concluded that the defendant was not made aware of the stipulation's effect, while in *Stepheny* the court observed that the defendant was only vaguely aware of the procedure adopted by his attorney and the State's Attorney in the agreed disposition.

To the contrary, the defendant in the instant case utilized the stipulated bench trial procedure to preserve any legal defenses he had such as the trial court's denial of his motion to suppress.

■■ We conclude, therefore, based on *People v. Sullivan* and *People v. Gale*, that the defendant in this cause was not required to be given the admonishments under Supreme Court Rule 402.

■■ Finally, defendant contends that the trial court erred in not determining the amount of restitution to be paid and the method of payment. Section 5—6—3(b)(9) of the Unified Code of Corrections, as amended (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(b)(9)) provides that, in requiring a defendant to make restitution as a condition of probation, "* * * [t]he court shall, in a presentencing hearing, determine the amount and conditions of payment." Here, the trial court left that determination to the probation authorities. The failure of the trial court to make a determination as to the amount and conditions of payment does not comply with section 5—6—3(b)(9); therefore, this cause must be remanded to the trial court for the purposes of the trial court making the required determination of amount of restitution and the conditions of its payment as required by statute.

Therefore, the order of the Circuit Court of St. Clair County finding defendant guilty of burglary and sentencing him to probation is affirmed. However, that portion of the trial court's order directing that defendant make. restitution in the amount and in the manner specified by the probation officer is reversed; and this cause is remanded to the Circuit Court of St. Clair County for the purpose of making a judicial determination of the amount and conditions of payment of restitution as required by section 5—6—3(b)(9) of the Unified Code of Corrections, as amended (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(b)(9)).

Affirmed in part; reversed and remanded in part.

JONES, P. J., and HARRISON, J.,[1] concur.

---

[1] Mr. Justice Moses Harrison replaced Mr. Justice George J. Moran, who retired after oral argument.