THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RICHARD L. HART, Petitioner-Appellant.

Fifth District No. 5—85—0292

Opinion filed June 9, 1986.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

The petitioner, Richard L. Hart, was convicted of murder by the circuit court of St. Clair County sitting without a jury, and was sentenced to 20 years' imprisonment. Petitioner's direct appeal to this court was affirmed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). (*People v. Hart* (1984), 119 Ill. App. 3d 1176.) Our order also granted a motion by petitioner's appellate counsel to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. Petitioner subsequently filed a petition under section 122—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), and the circuit court denied the petition after an evidentiary hearing. Petitioner has appealed this denial, claiming that the stipulated bench trial after which he was convicted was tantamount to a plea of guilty and that he was not properly admonished of his rights or the consequences of his actions at the trial. He also contends his appellate counsel on direct appeal was ineffective for failing to raise these matters. We affirm.

After petitioner was charged with murder, defense counsel filed a motion to suppress oral and written confessions petitioner had made to police. These statements made by petitioner provided a detailed account of the killing and implicated him in the crime. The motion to suppress was denied. Petitioner waived his right to a jury. At trial, petitioner signed a stipulation, to which the State agreed. The stipula-

tion stated: "Now comes the defendant, Richard Hart, by and through his attorney, Ann Hatch, Assistant Public Defender, and the State, represented by Richard Hudlin, Assistant State's Attorney; the defendant stipulates that if the above cause was called for trial that the State would be able to prove the following ***." The stipulation then stated the State would be able to present (1) witness Steve Betts who would testify he saw petitioner and another man enter the victim's car with the victim and that petitioner later told this witness he had participated in the robbery and killing of the victim, (2) two other witnesses, Walter Taylor and Michael Hall, who would testify petitioner told them he had participated in the killing, and (3) oral and written statements made by petitioner in which he confessed to his involvement in the murder. The stipulation stated that "defendant does not hereby waive his contentions and arguments which were made during the said [suppression] hearing and incorporates by reference his arguments in said hearing as to the voluntariness and the making of the said statements." In addition to petitioner's signature on the stipulation, the record also shows that the court advised petitioner regarding the effects of the stipulation:

> "THE COURT: Your counsel has indicated to me that you wish to waive your right to a trial by jury and submit your matter to me without a jury, and in place of evidence, in place of witnesses taking the stand and testifying and being cross examined by your attorney and by your witnesses being cross examined by the State that your attorney together with the State's Attorney has agreed upon certain facts that they would submit, should the case be tried.
> DEFENDANT HART: Yes, sir.
> THE COURT: Do you have any objection to that?
> DEFENDANT HART: No, sir.
> THE COURT: All right.
> DEFENDANT HART: None."

Subsequently, the court found defendant guilty of murder.

Petitioner claimed in his post-conviction petition that trial counsel had coerced him into a stipulation of facts, that statements he made to the police were obtained in violation of his constitutional rights, that the prosecution withheld information favorable to him, and that appellate counsel was incompetent for failing to raise these issues on direct appeal. Petitioner testified at his hearing on the post-conviction petition that he did not understand the true effect of the stipulation. He stated he felt that he was still "going to have a trial," and that the stipulation was only his acknowledgement that the witnesses men-

tioned in the stipulation would be appearing in court to testify.

On this appeal from the denial of his post-conviction petition, petitioner claims he did not knowingly and voluntarily enter into the written stipulation, and more specifically, that the court should have admonished him pursuant to Supreme Court Rule 402(a) (87 Ill. 2d R. 402(a)), which sets out admonitions which must be given before a defendant pleads guilty. Petitioner contends his stipulated bench trial was tantamount to a plea of guilty, and thus he should have been admonished pursuant to Rule 402(a).

The State argues that petitioner's contention that he should have been admonished pursuant to Rule 402(a) has been waived in that this contention was not raised on direct appeal or in the post-conviction proceeding in the trial court. Because we agree with the State's analysis of the substantive issue presented here, we find it unnecessary to address the State's argument on waiver.

■■ ■ We agree with the State that a stipulated bench trial, such as that in the case *sub judice,* is not tantamount to a guilty plea where a defense, factual or legal, is presented. (*People v. Sampson* (1985), 130 Ill. App. 3d 438, 442, 473 N.E.2d 1002, 1006.) "In a plea of guilty, the defendant waives all errors except those of a jurisdictional nature [citations], while in a stipulated bench trial, the defendant does not waive any errors preserved by him. This distinguishes the stipulated bench trial from a guilty plea." (*People v. Daminski* (1980), 80 Ill. App. 3d 903, 905, 400 N.E.2d 708, 710.) In *Daminski,* in a stipulated bench trial the defendant had maintained that the trial court erred in denying his motion to suppress a confession. This court found a legal defense had been preserved, leading us to conclude that the stipulated bench trial was not tantamount to a guilty plea, and consequently that defendant was not entitled to be admonished pursuant to Rule 402(a). (80 Ill. App. 3d 903, 905-06, 400 N.E.2d 708, 710-11.) Similarly, in the present case, petitioner has preserved the defense that the trial court should have suppressed his confession to police. Petitioner did not stipulate to his guilt or that the evidence was sufficient to prove guilt, but only stipulated that the State would be able to present certain evidence. (See *People v. Hancock* (1983), 113 Ill. App. 3d 564, 573, 447 N.E.2d 994, 1000.) The stipulation clearly preserved his defense regarding the motion to suppress. Petitioner claims that because the issue of suppression of his confession was not raised on direct appeal that this was not a genuine defense, noting that in *Daminski,* the issue of suppression had been raised on direct appeal. We find no merit in this argument. This was a defense raised in the trial court. Finding our opinion in *Daminski* controlling,

we conclude the court did not err in failing to give petitioner the admonitions under Rule 402(a).

■ Nor does the record support petitioner's contention he did not knowingly and voluntarily agree to the stipulation. The court clearly advised petitioner that the stipulation would take the place of testimony from witnesses. Petitioner was asked if he had any objection to such a procedure and he said no. Petitioner also signed the written stipulation. It was not against the manifest weight of the evidence to find petitioner was aware of the consequences of the stipulation and that he knowingly and voluntarily agreed to it.

Having found no merit to these contentions, we cannot say petitioner's appellate counsel for his direct appeal was ineffective for failing to raise them.

Our decision in this case should not be interpreted as an endorsement of the stipulated bench trial. This procedure has been severely criticized by several courts. *People v. Bonham* (1982), 106 Ill. App. 3d 769, 773, 436 N.E.2d 269, 271.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.