(No. 46461.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES SMITH (Audrey Murphy), Appellant.

*Opinion filed November 27, 1974.*

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen and John T. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Audrey Murphy, a/k/a James Smith, was placed on five years' probation conditioned upon his serving the first nine months in the House of Correction for armed robbery following a "stipulated bench trial" in the circuit court of Cook County. The appellate court affirmed his conviction (*People v. Smith*, 16 Ill. App. 3d 100), and we granted leave to appeal. Defendant asserts that his conviction was improper because it violated his constitutional and statutory right against double jeopardy and the proceeding itself was tantamount to a guilty plea which entitled him to the appropriate admonishments set forth in Supreme Court Rule 402. (50 Ill.2d R. 402.) We have been advised that defendant has completed the period of incarceration imposed upon him, thereby rendering moot any consideration of the propriety of the sentence under our decision in *People v. Grant,* 57 Ill.2d 264.

The undisputed facts indicate that on or about January 8, 1971, defendant was arrested and charged

with armed robbery. He identified himself to police by the fictitious name of James Smith and further indicated that he was 17 years of age or older. Defendant and an accomplice appeared before a judge of the circuit court of Cook County assigned to the municipal department, first district. Defendant, who was represented by counsel appointed by the court, pleaded guilty to misdemeanor offenses of theft, criminal trespass to a vehicle and aggravated assault, after waiving indictment in the matter. The charge of armed robbery was nolle prossed and defendant was granted one year probation conditioned upon his serving the first 90 days in the House of Correction. Several minutes later, defense counsel told the trial court that after the guilty pleas were entered, defendant's mother informed counsel of his true identity and the fact that he was a juvenile who was 16 years old. Defense counsel indicated that the matter appeared to be within the jurisdiction of the juvenile court and that the assistant State's Attorney concurred in this disposition. The trial court confirmed the representations as to identity and age during questioning of defendant. It then stayed the mittimus and continued the matter in order to allow defendant's mother to submit documentation of his age.

While the record is indefinite, the parties are in agreement that the aforesaid convictions were vacated and the cause assigned to the juvenile division of the circuit court. Defendant's brief initially filed in this cause has clearly asserted that he sought the protection of the juvenile court system, and his reply brief suggests this same conclusion.

Under the appropriate statutory procedure, the cause was then transferred to the criminal division of the circuit court (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(3)), where defendant was indicted for armed robbery. Thereafter, on April 28, 1971, proceedings were conducted at which defendant's claim of double jeopardy was rejected. The State informed the trial court that it was "ready to

proceed with the stipulated bench trial at this time." Defendant waived a jury trial, and the assistant State's Attorney recited a stipulation of facts to the effect that defendant and an accomplice entered the victim's place of business, and robbed the victim at gunpoint, taking $200, a pistol and an automobile. Defendant was arrested after he fled from a car, and he voluntarily confessed his participation in the crime. The State concluded that it was further stipulated that "the facts as presented are sufficient under the law to find the defendant guilty of the crime charged beyond a reasonable doubt." Defense counsel merely informed the trial court "at this time [the defense] will rest." Arguments in aggravation and mitigation were conducted, the trial court rejected the State's recommendation that defendant be incarcerated for a term of two to four years, and judgment was entered from which defendant has appealed.

As set forth in his brief and as substantially amplified during oral argument, we understand defendant's double-jeopardy argument to require that in no case after trial and conviction for a lesser included offense is it proper to vacate that judgment and to subject an accused to prosecution for a greater offense. Alternatively, defendant has suggested that if a trial court may so act in situations similar to this case, then it is incumbent upon that court to warn an accused that retrial is possible and that he may be prosecuted upon a greater offense thereby permitting the accused to intelligently consider whether a waiver of proceedings under pertinent provisions of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702–7) would be advantageous. Finally, defendant has asserted that under *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, the increased punishment imposed in this case upon retrial of the matter was improper.

Section 2–7 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702–7) stated, "Except as provided in this Section, no boy who was under 17 years of age *** at

the time of the alleged offense may be prosecuted under the criminal laws of this State ***." The section then details the procedure permitting the removal of the cause from juvenile court jurisdiction by action of the State's Attorney. (Par. 702—7(3).) The section further provides that "the minor, with the consent of his counsel, may, at any time before commencement of the adjudicatory hearing, file with the [juvenile] court a motion that criminal prosecution be ordered ***." (Par. 702—7(5).) It is apparent from an analysis of the applicable statutory provisions that the juvenile court was initially vested with statutory authority to consider the disposition of a minor unless the appropriate procedures were effectuated permitting a juvenile to be criminally prosecuted.

In this instance the defendant's case was first brought before a circuit court judge assigned to the municipal department for the obvious reason that he had misrepresented his age and true identity to the police. At no time prior to the entry of the guilty pleas before this judge did defendant reveal his actual age, nor was he asked about it. When the question of his age was presented to the trial court by defense counsel, the latter suggested that the juvenile court would be the appropriate forum for disposition of defendant's case. Apparently at defense counsel's request, the trial court thereafter vacated its judgment and transferred the cause to the juvenile division for proceedings in accordance with the statutory provisions heretofore set forth. In this case the trial court did not act improperly in setting aside defendant's misdemeanor convictions.

Unlike *People v. Henderson,* 2 Ill. App. 3d 285, *appeal denied,* 49 Ill.2d 578, the present case does not involve a defendant's wilful misrepresentation of his age in sworn testimony before the trial court and a failure to attempt to rectify the situation until nearly two months after judgment was entered upon a criminal conviction. In view of the facts presented therein it may be said that an accused would waive the statutory procedures which inure to

minors accused of criminal offenses.

Defendant's subsequent armed-robbery prosecution did not occur after an acquittal, and multiple punishments were not imposed. (See *North Carolina v. Pearce,* 395 U.S. 711, 717, 23 L. Ed. 2d 656, 665, 89 S. Ct. 2072.) Moreover, while defendant had pleaded guilty to the misdemeanor offenses, the trial court had negated the legal effect thereof, and its action in this regard was initiated at defense counsel's request. Under these circumstances defendant cannot complain that he has been subjected to double jeopardy. (*Cf. United States v. Tateo,* 377 U.S. 463, 465, 467, 12 L. Ed. 2d 448, 450, 452, 84 S. Ct. 1587.) For these same reasons we reject defendant's contention related to the purported violation of his statutory rights under sections 3—3 and 3—4 of the Criminal Code. Ill. Rev. Stat. 1971, ch. 38, pars. 3—3 and 3—4.

However, defendant also cites *North Carolina v. Pearce,* for the proposition that his conviction for the greater offense of armed robbery was precluded because the procedure adopted by the State in this case "is explainable only in terms of punishing the defendant for seeking the protections of the juvenile court system."

In *Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098, the United States Supreme Court was presented with a factual situation analogous to the present case wherein a defendant had been convicted of a misdemeanor and had pursued his statutory right to annul this conviction and to seek a trial *de novo* in another court. The State countered by obtaining a felony indictment to which defendant pleaded guilty and received a sentence that amounted to a period of incarceration potentially in excess of that imposed on the misdemeanor conviction. After review of *North Carolina v. Pearce* and its progeny, the Supreme Court held that indicting the defendant for a more serious offense was violative of due process of law. In so holding it stated:

242

"A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo,* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." 417 U.S. at 28, 40 L. Ed. 2d at 634-35.

In the present case, as in *Blackledge v. Perry,* defendant's initial convictions for the misdemeanor offenses were nullified when defendant successfully sought to invoke his statutory right to have the charges adjudicated under the provisions of the Juvenile Court Act. While the State was then statutorily authorized to seek criminal prosecution of the defendant, indictment for the greater offense of armed robbery was constitutionally impermissible under the circumstances.

Moreover, we cannot condone the procedure described as a "stipulated bench trial" which was utilized to obtain defendant's armed-robbery conviction. The record reflects that the stipulation was designed to establish guilt beyond a reasonable doubt. Under such circumstances counsel's action was tantamount to a guilty plea on behalf of the defendant without the requisite admonishments of Rule 402. 50 Ill.2d R. 402.

*People v. Stepheny,* 56 Ill.2d 237, is dispositive of the issue concerning the impropriety of a "stipulated bench trial." In *Stepheny* defense counsel agreed that a trial would be conducted and the defendant would be convicted of a lesser offense. There, the record established that defendant was, at most, only vaguely informed of this disposition, which amounted to the entry of a guilty plea. We determined that the procedure was improper for it violated the statutory directive then in effect pertaining to guilty pleas. In the present case there is no indication that defendant was made aware of the stipulation's effect. Where the circumstances indicate that calculated efforts have been made which amount to the entry of a guilty

plea, we hold that an accused must be afforded the protections set forth by Rule 402. See also *People v. Cruz*, 56 Ill.2d 583.

Defendant has requested that his conviction for armed robbery be reversed, and he has suggested that the cause be remanded for a new trial. Accordingly, the judgment of the appellate court is reversed and the cause remanded to the circuit court of Cook County with directions to grant defendant a new trial at which prosecution will be limited to the misdemeanor offenses.

*Reversed and remanded, with directions.*