The People of the State of Illinois, Plaintiff-Appellee, *v.* Calvin M. Fair, Defendant-Appellant.

(No. 12783;

Fourth District—July 10, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Jacqueline K. Nejmanowski, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a bench trial, defendant was convicted of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2) and sentenced to a term of imprisonment of 5 to 15 years. He appeals, contending that the circumstances surrounding his bench trial rendered the trial tantamount to a guilty plea requiring the admonishments of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) which were not given.

One day before the trial was scheduled to begin, the trial court, after a hearing, denied defendant's motion to suppress his purported confession. The next day a jury was selected and sworn to try the case. The following day, prior to the taking of any evidence, defendant moved to waive jury trial and to have another judge hear the case. The court properly admonished the defendant as to his right to trial by jury and,

after determining that defendant's waiver was knowingly and understandingly made, accepted the waiver. The court also transferred the case to another judge for a bench trial.

The same day, the parties appeared before the new judge and informed him that the prosecution testimony could be presented by stipulation. The court then advised the defendant as to the mechanics of the presentation of evidence by stipulation and as to his right to confront the witnesses against him. The defendant stated that he was a 17-year-old high school senior and understood the explanation.

The evidence received by the stipulation consisted of the testimony of witnesses to the effect that an armed robbery had been committed by three masked, unidentified persons at the time and place alleged in the indictment and the testimony of officers present when defendant signed the purported confession. The prosecution also introduced several exhibits, the most important of which was the confession. The defendant offered no evidence.

Along with the stipulation concerning the evidence, the parties agreed that the motion to suppress the purported confession would be reconsidered by the new judge on the basis of the evidence presented at the first motion to suppress. Defendant's sole contention as to the invalidity of the exhibit was that it was obtained after the officers present at its signing had promised defendant that he would receive probation if he confessed. The new judge also denied the motion to suppress and admitted the confession into evidence. After considering the evidence before him, he then found the defendant guilty.

Defendant's contention that prior to entering into the stipulation, he should have been admonished as set forth in Supreme Court Rule 402 is based on the holdings of *People v. Stepheny*, 56 Ill.2d 237, 306 N.E.2d 872, and *People v. Smith*, 59 Ill.2d 236, 319 N.E.2d 760. In *Stepheny*, after a bench trial had started, the court and counsel agreed that the trial would proceed but that regardless of the evidence the accused, charged with murder, would be found guilty of voluntary manslaughter and sentenced to 10 to 20 years. The record was unclear as to whether the defendant was present when the agreement was made but indicated that he was only vaguely advised of the procedure being used. The trial was, thus, a sham. In *Smith* the parties stipulated not only to all the evidence but also that the evidence was sufficient to convict. In both cases, the Illinois Supreme Court reversed, holding the stipulation to be tantamount to guilty pleas, thus requiring the admonishments of Rule 402 which had not been given.

Defendant also relies on the holdings in *People v. Armstrong*, 56 Ill.2d 159, 306 N.E.2d 14, and *People v. Holland*, 56 Ill.2d 318, 307 N.E.2d 380,

that the doctrine of collateral estoppel requires that a renewed motion to suppress, after a prior denial of the motion directed to the same evidence, must also be denied unless there is new evidence or a showing of exceptional circumstances, neither of which occurred here. He, therefore, argues that, the trial court being so bound, the entering into of the stipulation made the outcome of the trial a foregone conclusion.

The new judge did reconsider the motion to suppress and did not state that his reason for denial was because of a collateral estoppel. Even assuming arguendo that on interlocutory appeal any ruling he might have made to allow the motion would be reversed, the question of the validity of the confession was still an issue in the case for any appeal from a conviction. The case thus differs from *Stepheny* where the outcome was agreed upon and *Smith* where all the evidence and its sufficiency to convict were stipulated.

Actually, the defendant here stipulated away very little of the case. Most of the testimony merely corroborated the confession and served to prove the corpus delicti apart from the confession. Defendant obviously had no counter to this. The trial judge gave him an opportunity to put on any evidence he wished. He had none. The circumstances of the case, and not the stipulation, made the purported confession the thrust of the case and the question of its admissibility the key issue. Since that issue was not affected by the agreement, the stipulation was not tantamount to a plea of guilty.

The judgments of conviction and sentence are affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.