THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE LEE FORD, Defendant-Appellant.

Fourth District    No. 13052

Opinion filed December 2, 1976.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant in a consolidated bench trial was convicted of various offenses as follows: (a) murder of Mary Hoffman in violation of section 9—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—1); (b) attempt murder (two counts) of Elizabeth Ann Delaney in violation of section 8—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 8—4); (c) aggravated kidnaping (two counts) of Ms. Delaney in violation of section 10—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 10—2); (d) rape of Ms. Delaney in violation of section 11—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—1); and (e) aggravated battery of Ms. Delaney in violation of section 12—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4). For the offense of murder described in "(a)" above the defendant was sentenced to the Department of Corrections for an indeterminate term with the minimum sentence fixed at 25 years and the maximum sentence fixed at 75 years; for the attempt murder offenses, described in "(b)" above, indeterminate sentences were imposed with minimums fixed at 25 years and maximums fixed at 75 years; for the aggravated kidnaping offenses, described in "(c)" above, an indeterminate sentence was imposed and the court fixed 10 years as the minimum and 30 years as the maximum; for the rape offense, described in "(d)" above, an indeterminate sentence was imposed with a minimum fixed at 15 years and a maximum fixed at 45 years; and for the aggravated battery offense, described in "(e)" above no sentence was imposed. All sentences were to run concurrently.

On April 27, 1973, defendant forced Mary Hoffman to go to Crystal Lake Park in Urbana, Illinois, where he had intercourse with her and thereafter drowned her in a park lagoon.

Shortly after midnight, July 9, 1973, Elizabeth Ann Delaney, 28, enroute from Chicago to her home in Champaign, stopped at an all-night cafe for cigarettes. Returning to her car, she was abducted at gunpoint by defendant, who forced her into his truck. Defendant took Ms. Delaney to a deserted countryside location and raped her. They then went to Crystal Lake Park where defendant raped Ms. Delaney again, choked her unconscious, and threw her in a lake. The victim regained consciousness in the water, called for help and returned to the shore where she was met by defendant who struck her on the head with a long-handled hoe. Ms. Delaney fell back in the water and was left there by defendant. The victim managed to survive and was able to seek assistance at a nearby residence.

Defendant was arrested on July 9, 1973, and on that day gave police two statements confessing to the crimes perpetrated against Ms. Hoffman and Ms. Delaney. Prior to trial, following lengthy hearings, the court denied defendant's motion to suppress these statements.

At trial, defendant preserved two legal defenses: (1) the trial court's denial of the defense motion to suppress statements; (2) the trial court's denial of defendant's motion for leave to file a sexually dangerous petition. Counsel for the parties stipulated to the State's evidence and agreed that no witnesses would be called during the trial. Parts of that evidence were defendant's confessions, and the transcript of the proceedings at the hearing on the motion to suppress. After the State offered the stipulated evidence, the following colloquy took place:

"THE COURT: Mr. Cramer, is this stipulation, as to the exhibits that may be admitted in this case, acceptable to the defendant?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: And is the stipulation as to what the testimony would be, I don't believe it was quite stated that it was a stipulation, being what The People would prove, it is stipulated by you that The People would prove those things as the State's Attorney has enumerated?

[DEFENSE COUNSEL]: Well, with regard to, for example, People's Exhibit Number 10, which is the transcript of the testimony, our stipulation there would be that the witnesses would testify to the same things that they testified to before the Court previously.

THE COURT: Well, maybe it should be stated a little different way. It is stipulated, so far as the witnesses for The State are concerned, any place where the State's Attorney has said The State would prove, it is stipulated that those witnesses would testify in accordance with what the State's Attorney has stated?

[DEFENSE COUNSEL]: Yes, that is the nature of our stipulation, Your Honor.

THE COURT: Is there anything further:

[DEFENSE COUNSEL]: No Your Honor.

THE COURT: Are you ready to submit the matter to the Court on the stipulation for a finding in both cases?

[DEFENSE COUNSEL]: Yes Your Honor."

Defendant argues that the stipulated bench trial in this case was tantamount to a guilty plea and, therefore, he should have been admonished pursuant to Supreme Court Rule 402. (Ill. Rev. Stat. 1973, ch. 110A, par. 402.) The pertinent part of Rule 402 provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

(Ill. Rev. Stat. 1973, ch. 110A, par. 402(a).)

The State contends that the stipulated bench trial was not tantamount to a guilty plea since the State's testimony, not its sufficiency, was stipulated to and the defendant presented and preserved legal defenses for appeal.

Both parties discuss *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872; *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108; *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51; and *People v. Young* (1974), 25 Ill. App. 3d 629, 323 N.E.2d 788, all of which involved entries of pleas of not guilty at stipulated bench trials and subsequent contentions on appeal that the procedure followed in the trial court was tantamount to pleas of guilty so that the Rule 402 admonitions should have been given. In *Smith* and *Stepheny*, it was held that Rule 402 admonitions should have been given since the procedure followed in the trial court amounted to the entry of a guilty plea. Both *Stepheny* and *Smith* are clearly distinguishable from the instant case. In *Stepheny*, defense counsel admitted that he was merely going through the motions of concluding the trial in accord with the terms which he had negotiated with the State and that the proceeding was in reality the equivalent of the entry of a plea of guilty to a lesser included offense. In *Smith*, the parties stipulated, not only as to the evidence, but also that the evidence was sufficient to convict. Thus, in both *Stepheny* and *Smith*, not only the evidence, but the outcome was stipulated and no defense, factual or legal, was presented or preserved. In the instant case, it is clear that the stipulation was only as to what the evidence would be. In *Young*, the defense of self-defense was raised. In *Russ*, the defendant to an arson charge raised the defense of accident or lack of specific intent. *Fair* is most analogous to the instant case. In that case, the trial court

denied defendant's motion to suppress his purported confession and then, pursuant to defendant's motion, transferred the case to another judge. After the case had been transferred and defendant had waived his right to trial by jury, the prosecution testimony which included the defendant's purported confession, was presented by stipulation. The defendant offered no evidence. After reconsideration, the new judge also denied the motion to suppress and then found the defendant guilty. On appeal, this court concluded that the stipulation was not tantamount to a plea of guilty since the defendant retained a genuine defense (refusal to suppress purported confession) for purposes of appeal.

■■ Thus, as the State contends, *Young, Russ,* and *Fair* stand for the proposition that a stipulated bench trial is not tantamount to a guilty plea where a defense, factual or legal, is presented. The underlying rationale for this position is that a guilty plea waives all nonjurisdictional defenses. (*People v. Jackson* (1970), 47 Ill. 2d 344, 348, 265 N.E.2d 622, 624.) It appears that in this case defense counsel utilized the stipulated bench trial procedure in order to preserve legal defenses, namely, the court's denial of defendant's motions to suppress statements and for leave to file a sexually dangerous petition.

Defendant makes a separate argument, based upon the premise that the stipulated bench trial was in effect a guilty plea, concerning his lack of waiver of his right to confront his accusers and privilege against self-incrimination. It is clear, however, that defendant by consenting to the stipulation waived his right to confront his accusers and his right to remain silent but retained the defenses described above.

Relying on *People v. Sims* (1974), 20 Ill. App. 3d 1068, 313 N.E.2d 663, defendant contends that his convictions of the aggravated kidnaping and rape of Elizabeth Delaney were erroneous since both convictions allegedly arose out of the same transaction and were not independently motivated. In *Sims* this court held that where a kidnaping is committed in order to effect a rape, the conviction for the kidnaping charge for which the statute imposes the less severe penalty must be set aside. (Citing *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679; *People v. Lerch* (1972), 52 Ill. 2d 78, 284 N.E.2d 293; *People v. Russo* (1972), 52 Ill. 2d 425, 288 N.E.2d 412.) The *Sims* opinion failed to note *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, in which the supreme court, expressly rejecting the argument that a conviction for aggravated kidnaping performed in conjunction with a rape must be reversed, stated that the confinement and asportation supported the conviction for aggravated kidnaping separate from the rape. (See Justice Trapp's dissent in *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55.) The *Canale* holding has been followed in *People v. Elliott* (1975); 32 Ill. App.

3d 654, 336 N.E.2d 146; *People v. Brown* (1975), 31 Ill. App. 3d 547, 334 N.E.2d 323; *People v. Long* (1975), 30 Ill. App. 3d 815, 333 N.E.2d 534; and *People v. Whiteaker* (1975), 30 Ill. App. 3d 848, 334 N.E.2d 200. In *Elliott*, the Fifth District specifically rejected the *Sims'* holding noting that *Sims* ignored *Canale*. *Elliott*, 32 Ill. App. 3d 654, 659, 336 N.E.2d 146.

Justice Craven, writing on this same issue for the Fourth District in *Meredith*, upheld *Sims*, relying upon *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819. *Williams* did not allow separate convictions and sentences for burglary and armed robbery to stand because the burglary was committed as a part of the same conduct and with the same intent. *Williams* did uphold separate convictions for murder and armed robbery since the murder was a departure from the course of conduct connected with and leading to the armed robbery. In *Williams* the court, relying upon *People v. Johnson* (1970), 44 Ill. 2d 463, 256 N.E.2d 343, and *People v. Harper* (1972), 50 Ill. 2d 296, 278 N.E.2d 771, reiterated that the test of the propriety of separate convictions and sentences was whether or not the offenses were clearly distinct and required separate elements of proof. (60 Ill. 2d 1, 14-15, 332 N.E.2d 819, 826-27.) In *Harper* separate convictions for robbery and rape were upheld even though both occurred in a series of acts committed in the same place and within a short time. In *Johnson*, convictions for burglary and rape were upheld since they:

> "* * * are separate and distinct crimes requiring entirely different proof to sustain them. The rape has no necessary connection with the burglary as is .evident when we stop to consider that the burglary was complete before the defendants laid a hand on the victim. Had the defendants not embarked on an entirely separate course of conduct in making their sexual assault, the burglary would have occurred without any rape having been committed." 44 Ill. 2d 463, 475, 256 N.E.2d 343.

Despite Chief Justice Underwood's strong dissent in *Whittington* the majority concluded that the theft of the motor vehicle on prison grounds as part of this plan to escape was not "independently motivated or otherwise separable" from the conduct that constituted the offense of escape and affirmed the sentence for escape and reversed the sentence for theft.

■■ In this case the defendant's conduct evidences his intention to commit rape. To the end that he could satisfy his carnal desires he kidnaped his victims and deprived them of their liberty. His objective, motive and purpose remained unchanged until after the rapes were accomplished and then his conduct can be reasonably seen to shift. The murder of Mary Hoffman and the attempt to murder Elizabeth Ann Delaney were motivated by fear of detection and apprehension. The

murder and the attempt to murder resulted from separate courses of conduct with different motivations and different elements of proof. In *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, and in numerous cases thereafter, our supreme court has ruled that a person may not be convicted of multiple offenses arising out of the same act or the same conduct and that only the judgment and sentence for the most serious offense may stand.

Rape and aggravated kidnaping are Class 1 felonies for which an offender may not be sentenced to death. The maximum and minimum term of imprisonment for each is the same (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2).) Section 5—5—3 of the Unified Code of Corrections provides in pertinent part:

> "(d) When a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:
>
> (1) a period of probation, a term of periodic imprisonment or conditional discharge except in cases of *murder, rape, armed robbery,* violation of Section 401(a), 402(a) or 407 of the Illinois Controlled Substances Act or violation of Section 9 of the Cannabis Control Act;" (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3.)

We conclude here as we did in *Sims* that the penalty for rape is therefore more severe than the penalty for aggravated kidnaping.

Accordingly, defendant's conviction and sentence for the offense of aggravated kidnaping is reversed. The convictions and sentences for murder, attempt murder and rape are affirmed. The conviction for aggravated battery is reversed. The cause is remanded to the circuit court with directions to issue an amended mittimus.

Affirmed in part, reversed in part and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.