THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY BONHAM, Defendant-Appellant.

Third District No. 81-291

Opinion filed May 20, 1982.

STOUDER, J., specially concurring.

Roy A. Sabuco, of Rudman & Sabuco, of Joliet, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:
The trial court found the defendant, Danny Bonham, guilty of unlawful delivery of a controlled substance (cocaine) after a "stipulated bench trial" and sentenced him to six years in prison. The defendant now appeals, alleging he received ineffective assistance of counsel and that he did not receive admonitions required by Supreme Court Rule 402 (73 Ill. 2d R. 402) in regard to guilty pleas.

In April 1981 the court called this case for trial. The court admonished the defendant that he had a right to a jury trial and determined that the defendant was knowingly waiving that right. The prosecutor then outlined his case for the trial court. The prosecutor told that court that Agent Kaupas, of the Metropolitan Area Narcotics Squad, if called to testify, would swear that he initiated contact with the defendant on January 12, 1980, to purchase cocaine from the defendant. That evening, narcotics agents met the defendant at his home in Wilmington and continued on to a tavern in Manteno. The agent would also testify that he gave the defendant $275 with which to purchase cocaine. After arriving at

the bar, the defendant went inside for about 10 minutes, returned to the car and gave Kaupas a substance as they were driving back to Wilmington. This substance was later tested and determined to be cocaine.

The defense counsel stipulated the testimony of the narcotics agents and the venue in Will County. The defense did not produce or offer any evidence or testimony, and neither side made any oral argument. The court found the defendant guilty and, two weeks later, sentenced him to six years in prison pursuant to a sentencing agreement. Prior to the stipulated bench trial, defense counsel moved to dismiss the charge on the grounds that cocaine was impermissibly classified as a narcotic. The defense relied upon *People v. McCarty* (1981), 93 Ill. App. 3d 898, 418 N.E.2d 26, *reversed* (1981), 86 Ill. 2d 247, 427 N.E.2d 147. The defense renewed his motion to dismiss the charge on the day of sentencing. At that time, the supreme court had not yet reversed the Fourth District's decision in *McCarty*.

The record indicates that the defense counsel and the State utilized a stipulated bench trial as part of a plea bargain. The State voluntarily declined to prosecute a second charge of armed violence against the defendant. The parties utilized a stipulated bench trial to preserve the *McCarty* issue for appeal, in the event the supreme court affirmed that decision. The record also reveals the defense originally proposed a four-year term, the State wanted an eight-year term and both sides compromised on a six-year term of imprisonment.

The first issue is whether the defendant receive ineffective assistance of counsel at trial. The defendant claims his trial counsel abandoned all efforts at a defense. He claims his trial counsel's participation in a stipulated bench trial merely to preserve the *McCarty* issue effectively pleaded him guilty to the offense. The defendant also criticizes his trial counsel's failure to raise an entrapment defense, failure to contest venue and a negotiation of a prison term that is twice the minimum sentence for a Class 2 felony.

■■ ■ Incompetency of counsel will not be a basis for reversal of a criminal conviction "unless the representation is of such low caliber as to amount to no representation at all or reduces the court proceedings to a farce or a sham." (*People v. Torres* (1973), 54 Ill. 2d 384, 391, 297 N.E.2d 142.) Although the prosecutor's recitation of the facts does not indicate exactly where the unlawful delivery took place, the stipulation of venue in Will County is not unreasonable or indicative of incompetence. Indeed, the defendant in this appeal does not challenge Will County as an incorrect venue: He only suggests venue is unclear from the record. Similarly, trial counsel's determination not to raise an entrapment defense was reasonable, in light of the strong evidence of the defendant's predisposition. Furthermore, the record amply supports the negotiations

and eventual compromise upon a six-year term of imprisonment. We find, therefore, no significant deficiency in trial counsel's representation of the defendant.

The second issue is whether the stipulated bench trial was tantamount to a plea of guilty, requiring the trial court to admonish and caution the defendant pursuant to Supreme Court Rule 402. If the stipulated bench trial was tantamount to a guilty plea, the trial court may have committed reversible error when it failed to deliver the warnings required by Rule 402. *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760.

This court recently ruled that not all stipulated bench trials are tantamount to pleas of guilty. "[I]f there is a genuine defense or a purported defense either actually established or included in the stipulation, then the proceeding is not equivalent to a plea of guilty. If no defense is revealed either actually or by stipulation, then there is nothing for the court to decide and the procedure is tantamount to a plea of guilty." (*People v. Sullivan* (1979), 72 Ill. App. 3d 533, 536-37, 391 N.E.2d 241.) *Sullivan* approved of the reasoning and results of three other cases that considered stipulated bench trials: *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108, *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865, and *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51.

In practice, appellate courts have not attached any significance to the type of defense presented or stipulated at the bench trial. In *Sullivan*, for example, the defendant's case was contingent upon the suppression of evidence seized during an allegedly illegal search. After a motion to suppress was denied, the State recited the testimony of its witnesses and the defendant declined to present any evidence. This court ruled the trial was not tantamount to a guilty plea because the illegality of the search was a defense presented to the trial court. Therefore, the trial court did not have to give the defendant Rule 402 admonitions. Similarly, in *Ford*, the defendant sought to preserve the issue of the legality of his confessions. The Fourth District of this court ruled that the stipulated bench trial was not tantamount to a guilty plea if the parties presented a legal or factual defense.

■■ In the case at bar, the defendant stipulated the testimony of the State's witnesses. This testimony was sufficient to establish guilt. However, the defendant also presented the court with a legal defense: The supposedly unconstitutional classification of cocaine as a narcotic. Under *Sullivan*, therefore, this trial was not tantamount to a plea of guilty and the trial court did not commit reversible error when it failed to admonish the defendant pursuant to Rule 402. Additionally, we note that the defendant received Rule 402 admonitions shortly before the stipulated bench trial in another court where he was being processed under other charges.

The resolution of this appeal should not be interpreted as an en-

dorsement of the stipulated bench trial. This procedure has been severely criticized by several courts. (See, *e.g., People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Ries* (1975), 28 Ill. App. 3d 698, 329 N.E.2d 243; *People v. Sanders* (1977), 55 Ill. App. 3d 178, 370 N.E.2d 1213.) In spite of this strong disapproval, defense counsel and the State have persisted in utilizing this procedure. This court suggested once before that trial courts admonish defendants before engaging in stipulated bench trials. *(People v. Sullivan* (1979), 72 Ill. App. 3d 533, 538.) Admonishing the defendant would eliminate the confusion and misunderstanding that this procedure creates. Ideally, the record should reflect the defendant's understanding of the procedures about to be employed against him and that his appeal of any resulting conviction will be limited to the issues he is preserving. (See, *e.g., People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51 (defendant informed of the mechanics of a stipulated bench trial and of his right to confront the witnesses against him).) Such warnings take little effort to deliver and provide great benefit to the parties and the judiciary in any post-conviction proceeding or appeal.

For the reasons set forth, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE STOUDER, specially concurring:
I concur in the result reached by my colleagues, but my concurrence is based on the special factual circumstances surrounding this case.

In my opinion, if this case were considered only on its own facts, then I can hardly imagine any case involving a stipulation of facts by the defendant which more closely approaches a guilty plea than the facts of this case. Where the stipulation of facts admits the existence of each and every fact necessary to prove each and every element of a criminal offense there is no useful purpose served in regarding such stipulation as anything other than the legal equivalent of a guilty plea, and the admonitions required in guilty plea cases should be given. In many of the cases cited in the majority opinion we have cautioned, admonished and advised that trial courts accept the substance of the proceeding and act accordingly. From the number of appeals, this advice has been little heeded. Were it not for the exceptional circumstances surrounding this case I think reversal would be required.

The exceptional circumstances which I refer to are of course the other criminal case in which the defendant did plead guilty and so far as the record in this case is concerned did receive proper admonishments

concerning his legal and constitutional rights. The plea of guilty in the former case, like the stipulation of facts in the instant case, as well as the dismissal of other charges, were all part of a negotiated settlement and under such circumstances I find there is insufficient reason to overturn the judgment of the trial court in this case.