THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM HORTON, Defendant-Appellant.

Second District   No. 2—91—1247

Opinion filed November 5, 1993.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

This case is before us for the second time. Initially, after a stipulated bench trial, defendant, William Horton, was convicted of the armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))) and the aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(1) (now codified, as amended, at 720 ILCS 5/12—4(b)(1) (West 1992))) of John Marzolo. (Defendant was convicted of other charges which are not germane to this appeal.) This court affirmed the aforementioned convictions. (*People v. Horton* (1990), 193 Ill. App. 3d 695.) As relevant here, we held that (1) defendant's stipulated bench trial was not tantamount to a guilty plea because defendant preserved a defense and, thus, the trial court did not commit reversible error in failing to admonish defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402); and (2) defendant was not deprived of the effective assistance of trial counsel.

On appeal from this court, the supreme court held that defendant was entitled to Rule 402 admonishments because his trial counsel formally stipulated that the evidence was sufficient to convict defendant. (*People v. Horton* (1991), 143 Ill. 2d 11, 22.) As the court held defendant was entitled to a new trial, it did not consider whether he had received the effective assistance of counsel. *Horton*, 143 Ill. 2d at 22-23.

On remand, defendant moved *pro se* for the appointment of counsel other than the public defender, alleging that his trial attorney, who had represented him at the first trial, was unsatisfactory. The trial court denied the motion. Defendant received a bench trial, after which the trial court again convicted him of aggravated battery and armed robbery. Defendant received concurrent prison sentences of 15 years for armed robbery and 3 years for aggravated battery. He timely appealed.

On appeal, defendant argues that: (1) the trial court abused its discretion in refusing his motion for new counsel; and (2) his conviction of aggravated battery must be reversed because it was based on the same act as his conviction of armed robbery. We find no merit in either contention, and we affirm.

We summarize the trial testimony. The State first called Michael Cadman, who worked as a jailer for the Du Page County sheriff's office in 1987. Cadman's duties at that time included the processing of inmates, and he was trained in taking fingerprints. Cadman identified People's exhibit No. 5 as a card containing defendant's fingerprints and a notation giving defendant's jail intake number. Cadman testified that he took the prints. He identified defendant in court and also identified People's exhibit No. 6 as a photograph of defendant that another jail officer had taken in the regular course of business.

The victim, John Marzolo, a cab driver, testified that, at about 1:45 a.m. on July 16, 1987, he was alone in his cab at the Elmhurst passenger train station. Two black men, one of whom Marzolo identified in court as defendant, approached the driver's side of the cab. Defendant asked about the cost of a ride; when Marzolo replied, defendant opened the driver's door. Marzolo saw that defendant was pointing a revolver at him.

When Marzolo asked "if it's for real," defendant started hitting him on the head with the butt of the gun. Defendant hit Marzolo about 10 to 12 times; Marzolo started to bleed profusely. While defendant was still hitting Marzolo, defendant's confederate (identified at the first trial as Charles Nunnery) entered the cab from the passenger side, removed the keys from the ignition, pulled the wiring from the radio, and rummaged through Marzolo's belongings. After a short time, defendant, who was still holding the gun, said "get the money." After a struggle, during at least part of which defendant continued to hit Marzolo with the gun, Nunnery managed to remove a billfold from Marzolo's pocket. Defendant and Nunnery fled.

On September 21, 1987, Marzolo viewed a police photographic lineup and identified defendant as the gunman.

Doug Rumick, an evidence technician with the Elmhurst police department, testified that, on July 16, 1987, he processed Marzolo's cab for evidence, including fingerprints. He collected five fingerprints from various parts of the car. These prints were admitted as evidence at trial. Paul T. Sahs, a fingerprint identification expert with the Du Page County sheriff's office, testified that he examined

these five latent fingerprints. A comparison with the prints on People's exhibit No. 5 satisfied Sahs that one of the latent prints from the cab was defendant's.

The trial judge found defendant guilty of armed robbery and aggravated battery. After the court denied defendant's motion for a new trial, defendant appealed.

■ Defendant argues first that the trial court abused its discretion in denying his request for new counsel. Although he acknowledges that a trial court ordinarily has the discretion to deny a motion for the substitution of counsel, defendant argues that he was entitled to new counsel because his trial counsel was the same attorney who represented him at the first trial. Defendant reasons that the supreme court's opinion implicitly held that trial counsel was ineffective because, in essence, he pleaded defendant guilty without obtaining Rule 402 admonishments. Defendant asserts that because he received the ineffective assistance of counsel at his first trial, it follows that he is entitled to have new counsel represent him on retrial.

We believe defendant's argument is fatally flawed in two respects. First, the argument rests on a faulty premise. Defendant assumes that, because his conviction was reversed by the supreme court, the court found that counsel was ineffective at the first trial. However, nothing in the supreme court's opinion allows such a conclusion. The court specifically declined to reach the issue of counsel's effectiveness; the court reversed because the *trial court* erred in failing to provide Rule 402 admonishments. There is nothing in either the supreme court's opinion or the previous opinion of this court that suggests that *trial counsel* was constitutionally ineffective.

Second, assuming *arguendo* that the supreme court's opinion implied that trial counsel rendered ineffective assistance at the first trial, it simply does not follow that there was a conflict of interest (or inherently ineffective representation) in having the same attorney represent defendant at the second trial. Defendant simply fails to explain why counsel's mistakes at the first trial made counsel unfit to represent defendant at the second trial. There is no reason for such a presumption, particularly where, as here, the error involved was in an area of law that was complex and unsettled at best, as the opinion of the supreme court amply demonstrates.

Although defendant may well have been dissatisfied with being represented by the same attorney who represented him at the first trial, such personal dissatisfaction is insufficient either to establish

a conflict of interest or to prove that the trial court abused its discretion in denying the request for new counsel. *People v. Carter* (1985), 132 Ill. App. 3d 523, 527.

Defendant has not demonstrated that the trial court abused its discretion in denying his motion for new counsel.

■ Defendant's second argument on appeal is that his convictions of both aggravated battery and armed robbery violate the principle that two convictions may not be carved out of the same act. (See *People v. King* (1977), 66 Ill. 2d 551.) Defendant asserts that the continuous beatings to Marzolo were a single act on which both convictions depended. We disagree.

Although two criminal offenses may not be carved out of the same act, separate acts that are closely related may support convictions of more than one offense. (*King*, 66 Ill. 2d at 566.) Several appellate opinions have upheld convictions of both aggravated battery and armed robbery even though there was only one victim and the acts that formed the basis of both convictions were closely intertwined and occurred in rapid succession. (*People v. Cobern* (1992), 236 Ill. App. 3d 300; *People v. Higgins* (1979), 71 Ill. App. 3d 912, 932; *People v. Olmos* (1978), 67 Ill. App. 3d 281, 299.) In each case, one or more of the beatings sustained a conviction of aggravated battery while further attacks or the use of a weapon during the robbery supported a separate conviction of armed robbery.

Here, any one of the numerous blows to Marzolo sufficed to convict defendant of aggravated battery. The robbery combined with either the further blows or defendant's continued display of the gun sufficed for a separate conviction of armed robbery.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

DOYLE and QUETSCH, JJ., concur.